IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HARRY J. LADD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-3224-CV-S-ODS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR AN AWARD OF BENEFITS

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security finding him disabled as of April 27, 2008. The Commissioner's decision is reversed and the case is remanded back to the Commissioner for an award of benefits based on a disability onset date of December 21, 2005.

## I. BACKGROUND

Plaintiff is a 57-year-old male who filed an SSI application on December 21, 2005. Plaintiff claimed disability due to leg injury, back injury, and hepatitis. Plaintiff's right ankle is his most severe problem. Plaintiff fell and broke his right leg and foot approximately 18 years before filing his application. Surgical pins were inserted in Plaintiff's leg, ankle, and foot as a result of the fracture.

On June 4, 2007, Plaintiff reported to his doctor that he had experienced chronic pain since the injury. The doctor noted Plaintiff's right ankle had almost no range of motion. The doctor gave Plaintiff a sample of Celebrex, a non-narcotic pain medication.

The ALJ conducted a hearing on June 2, 2008. Plaintiff testified that the pain from his right ankle shot up his leg to the middle of his back, that his ankle would swell "to like the size 20," and that he experienced cramping in his leg. Plaintiff stated he

treats the swelling by elevating his leg about 4 hours per day and that he had been using a cane since he was injured. When asked about his hepatitis, Plaintiff reported it caused him to be incontinent of his bowel and bladder and that he soiled his clothing probably ten times per week. Plaintiff was able to pick up after himself and shop for groceries, but did no yard work or maintenance on his home. Plaintiff typically spent his day watching TV.

The ALJ ordered Plaintiff to undergo a consultative examination performed by Corey E. Mayo, D.O. Dr. Mayo diagnosed Plaintiff with chronic low back pain, intermittent right leg paresthesia, status post right ankle surgery, and post traumatic arthritis right ankle with loss of motion. Dr. Mayo noted decreased range of motion in the right ankle due to pain and stiffness. Although Dr. Mayo concluded Plaintiff's cane was medically necessary and that Plaintiff could walk at most half a block without the cane, Dr. Mayo also concluded Plaintiff could walk for 1 hour without interruption and for 6 hours total in a workday. Dr. Mayo further indicated that Plaintiff was unable to lift or carry any weight on a frequent basis. Dr. Mayo's opinion was of current limitations only–Dr. Mayo offered no opinion on when Plaintiff's impairments first became present. An x-ray of Plaintiff's back taken after Dr. Mayo's examination showed mild degenerative change from L3 to S1, while an x-ray of Plaintiff's right ankle revealed "severe degenerative change at the talotibial joint, with disorganization of this joint and flattening of the talar bone" (all caps omitted).

The ALJ determined Plaintiff was not disabled for the period between Plaintiff's application (December 21, 2005) and Dr. Mayo's examination (June 28, 2008), and concluded Plaintiff was capable of engaging in light work which existed in significant numbers in the national economy during this period. The ALJ deemed Plaintiff's statements with respect to the intensity, persistence, and limiting effects of his impairments prior to June 28, 2008, not credible mainly because Plaintiff had received only "minimal" medical treatment for his right leg and ankle, back, and hepatitis. Other reasons the ALJ gave for discrediting Plaintiff were that prior to June 28, 2008, Plaintiff was taking no prescribed pain medication, he reported no limitations in his daily activities, and there were no opinions from treating or examining physicians indicating

Plaintiff was disabled or limited to less than light work.

The ALJ determined that effective June 28, 2008, "[Plaintiff's] symptoms became more debilitating and failed to improve[ ]," and that Plaintiff's allegations regarding his symptoms and limitations were credible as of that date. Based on Plaintiff's allegations and Dr. Mayo's findings, the ALJ found Plaintiff was capable of performing only sedentary work effective June 28, 2008, and went on to conclude Plaintiff that there were not a significant number of jobs in the national economy Plaintiff could perform at the sedentary level. The ALJ further noted that given Plaintiff's age, education, and work experience, a finding of "disabled" would have been directed by Medical Vocational Rule 201.12.

The Appeals Council granted Plaintiff's request to review the ALJ's decision. The Appeals Council adopted most of the ALJ's findings, including the finding that Plaintiff could perform light work prior to June 28, 2008, but only sedentary work after that date. But the Appeals Council did not adopt the ALJ's disability onset date of June 28, 2008. The Appeals Council determined Plaintiff became disabled on April 27, 2008, when Plaintiff turned 55 years old and became a "person of advanced age" (see 20 C.F.R. § 404.1563(e)). The Appeals Council concluded that, once Plaintiff turned 55, there were not a significant number of jobs in the national economy Plaintiff could perform. And even if there were a significant number of jobs, the Appeals Council noted that a finding of "disabled" would be directed by Medical Vocational Rule 202.04.

## II. DISCUSSION

"[R]eview of [the Commissioner's] decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final

decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Smith v. Schweiker*, 728 F.2d 1158, 1161-62 (8th Cir. 1984). Since the Appeals Council granted Plaintiff's request to review the ALJ's decision, the Appeals Council's determination is the Commissioner's final decision subject to review by this Court. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Plaintiff's only argument is that the Commissioner should have found him disabled effective his application date. "In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." SSR 83-20. Plaintiff alleged he was disabled as of August 27, 2004, but he did not file his SSI application until December 21, 2005. For SSI cases, "[o]nset will be established as of the date of filing provided the individual was disabled on that date." SSR 83-20.

Given Plaintiff's age, education, and work experience, he could have been found disabled effective his application date if the Appeals Council had determined he was limited to sedentary work as of that date. *See* Medical-Vocational Rule 201.12. But the Appeals Council adopted the ALJ's finding that Plaintiff was capable of engaging in *light* work from the date of his application (December 21, 2005) until the date of Dr. Mayo's examination (June 28, 2008). This finding is not supported by substantial evidence.

The ALJ's finding adopted by the Appeals Council was based on an unconvincing credibility analysis. *See* SSR 83-20 (stating that "[c]onvincing rationale must be given" for choosing the date of disability). First, the ALJ discredited Plaintiff's complaints of his symptoms prior to June 28, 2008, after finding Plaintiff was taking no prescribed pain medication before that date. But in June 2007, Plaintiff's doctor gave him samples of Celebrex, a pain medication, and there is no evidence Plaintiff did not take it. Second, the ALJ discredited Plaintiff after finding that he had reported no limitations in his daily activities prior to June 28, 2008, but Plaintiff reported limitations in his daily activities when he testified at the hearing on June 2, 2008. Although this was only 20 days earlier, the fact remains that the ALJ's basis for discrediting Plaintiff was

4

unsupported by the record.

Third, the ALJ found that Plaintiff's statements regarding his symptoms prior to June 28, 2008, were not credible because they were not corroborated by medical evidence. Plaintiff admittedly sought treatment only once for his ankle between the time he filed his application and June 28, 2008, and failure to seek medical treatment can be a valid reason to discredit a claimant. *See Moad v. Massanari*, 260 F.3d 887, 892 (8th Cir. 2001). But the ALJ also found that Plaintiff's complaints became credible "beginning on June 28, 2008." The ALJ considered this to be when Plaintiff's symptoms "became more debilitating and failed to improve[ ]." The only significance of June 28, 2008, is that Dr. Mayo's examination occurred on that date; that is not sufficient reason to choose that date as Plaintiff's onset date. *See Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991) ("The significant date for disability compensation is the date of onset of the disability rather than the date of diagnosis" (citation omitted)). And Plaintiff's visit to Dr. Mayo did not imply that the severity of his symptoms had worsened from a non-disabling level to a disabling level; Plaintiff was not *seeking* medical treatment when he went to see Dr. Mayo, he was attending a mandatory consultative examination ordered by the ALJ.

The evidence indicated that the severity of Plaintiff's symptoms remained constant throughout the entire application period. Plaintiff had reported to his doctor on June 4, 2007, that he had experienced "chronic pain" since his right ankle fracture approximately 20 years earlier, and the doctor noted Plaintiff's ankle had "almost no" range of motion. Plaintiff also testified he had been using a cane–which Dr. Mayo found to be "medically necessary"–for about 20 years. Despite Plaintiff's minimal medical treatment, there is no evidence establishing that Plaintiff's symptoms were any less severe when he filed his application than when Dr. Mayo documented them on June 28, 2008. And the fact that Dr. Mayo offered no opinion on when Plaintiff's impairments became present does not suggest that Plaintiff's condition was less severe on his application date than it was on June 28, 2008.

The Commissioner argues there is no medical evidence to substantiate Plaintiff's complaints of debilitating pain prior to June 28, 2008. But Plaintiff's June 2007

5

visit to his doctor constitutes medical evidence in support of those complaints. Even Dr. Mayo's examination provides some evidence of Plaintiff's condition prior to the time it was conducted. *Cf. Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006) ("Evidence from outside the insured period can be used in 'helping to elucidate a medical condition during the time for which benefits might be rewarded'" (citation omitted)). The Commissioner also argues that Plaintiff's sparse work history suggests a lack of motivation rather than disabling pain, but this ground was not relied upon by the ALJ in discrediting Plaintiff and consequently is not a proper basis for affirming the Commissioner's decision. *See Burlington Truck Lines v. United States*, 371 U.S. 156, 168-69 (1962) ("[C]ourts may not accept appellate counsel's post hoc rationalizations for agency action.").

Dr. Mayo's examination did not evidence a progression of disabling symptoms; rather, the evidence indicates Plaintiff was as debilitated on his application date as he was found to be June 28, 2008. The Appeals Council erred in adopting the ALJ's finding that Plaintiff could perform light work when he filed his application. Given Plaintiff's age, education, work experience, Plaintiff was disabled effective his application date. *See* Medical-Vocational Rule 201.12.

### III. CONCLUSION

The Court reverses and remands this case to the Commissioner for an award of benefits based on a disability onset date of December 21, 2005.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 30, 2010           UNITED STATES DISTRICT COURT